

**IT IS HEREBY ADJUDGED and DECREED that the below described is SO ORDERED.**

**Dated: November 16, 2010.**

_____
**CRAIG A. GARGOTTA
UNITED STATES BANKRUPTCY JUDGE**
_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| IN RE: | § | Case No 10-11276-CAG-11 |
| | § | |
| JACKSON COMMUNITY | § | |
| APARTMENTS, L.P., | § | |
| | § | |
| Debtor. | § | |

**FINDINGS OF FACT AND CONCLUSIONS OF LAW REGARDING CONFIRMATION
OF AMENDED PLAN OF REORGANIZATION, AS MODIFIED**

Came on to be considered this 15th day of November, 2010, the Confirmation Hearing with regard to the Amended Plan of Reorganization [Docket No. 76], filed by Jackson Community Apartments, L.P. ("**Debtor**") on October 6, 2010, as modified by the Modifications to Debtor's Amended Plan of Reorganization [Docket No. 87] filed on November 8, 2010, (the "**Plan Modifications**"), and approved by this Court, such that the Amended Plan of Reorganization includes and incorporates the Plan Modifications (collectively the "**Final Plan**"). The following Findings of Fact and Conclusions of Law are entered pursuant to Federal Rules of

Bankruptcy Procedure 9052 and 9014 in support of the Confirmation of the Final Plan. Such findings may be characterized as conclusions or conclusions as findings, where appropriate.

## FINDINGS OF FACT

1. **Due and Sufficient Notice**. Notice of the Confirmation Hearing was appropriate and complied in all respects with Bankruptcy Rule 2002(b).

2. **Plan Compliance - Bankruptcy Code Section 1129(a)(1)**. The Final Plan complies with the applicable provisions of the Bankruptcy Code and Bankruptcy Rules.

3. **Proponent Compliance - Bankruptcy Code Section 1129(a)(2)**. The Debtor has complied with the applicable provisions of the Bankruptcy Code.

4. **Good Faith - Bankruptcy Code Section 1129(a)(3)**. The Final Plan has been proposed in good faith under Section 1129(a)(3) by the Debtor and not by any means forbidden by law and the Debtor is entitled to the protections of Section 1125 (e).

5. **Payments - Bankruptcy Code Section 1129(a)(4)**. Payments made or to be made by the Debtor for services or for costs and expenses in or in connection with the Final Plan or case have been approved by or are subject to the approval of this Court.

6. **Disclosures - Bankruptcy Code Section 1129(a)(5)**. The Debtor has disclosed identities and affiliations of all persons to act hereinafter as officers or directors of the Debtor or who have any capacity relative to the Debtor.

7. **No Rate Change Jurisdiction - Bankruptcy Code Section 1129(a)(6)**. No governmentally regulated rates are involved in these cases.

8. **Best Interests of Creditors - Bankruptcy Code Section 1129(a)(7)**. With respect to the impaired classes of claims or interests, each holder of a claim or interest of such classes has accepted the Final Plan or will receive or retain under the Final Plan on account of

such claim or interest property of a value, as of the Effective Date of the Final Plan, that is not less than the amount that such holder would receive or retain if the Debtor was liquidated under Chapter 7 of the Bankruptcy Code on such date.

9. **Acceptance of the Final Plan - Bankruptcy Code Section 1129(a)(8)**. The following classes of impaired claims have voted to accept the Final Plan:

    (a)    Classes 1, 2, 4 and 5.

    (b)    Class 7 is deemed to have rejected the Final Plan.

10. **Priority Claims - Bankruptcy Code Section 1129(a)(9)**. Claims entitled to priority under 11 U.S.C. § 507(a)(1)-(7) will be paid in accordance with Bankruptcy Code or as per the provisions of the Final Plan.

11. **Class Acceptance - Bankruptcy Code Section 1129(a)(10)**. At least one class of claims that is impaired under the Plan has accepted the Final Plan, determined without including any acceptance of the Final Plan by any insider.

12. **Feasibility - Bankruptcy Code Section 1129(a)(11)**. The Debtor's Final Plan is feasible and the confirmation of the Final Plan is not likely to be followed by the liquidation, or need for further financial reorganization of the Debtor except where liquidation is required by the Final Plan.

13. **Fees - Bankruptcy Code Section 1129(a)(12)**. All fees payable under 28 U.S.C. § 1930 have been paid or the Final Plan provided for the payment of such fees on the Effective Date.

14. **Retiree Benefits - Bankruptcy Code Section 1129(a)(13)**. There are no retiree benefits involved in this case.

15. **Non Applicability - Bankruptcy Code Section 1129(a)(14), (15)**. Neither Section 1129(a)(14) or (15) are applicable to the Debtor.

16. **Transfer of Property - Bankruptcy Code Section 1129(a)(16)**. Any transfer required under the Final Plan meets the requirements of Section 1129(a)(16).

17. The New Limited Partnership Certificate to be issued per the Plan to WNC Institutional Tax Credit Fund VIII, L.P., is issued pursuant to Section 1145(a)(1)(B), on account of the Plan treatment set forth in Section 3.08.

18. The Debtor has shown that the rejection of the executory contracts and unexpired leases set forth in the Final Plan were made in accordance with the sound exercise of the Debtor's business judgment.

## CONCLUSIONS OF LAW

19. The Court has jurisdiction over this matter as a core proceeding pursuant to 28 U.S.C. § 157 (b)(2)(A)-(L), and (O).

20. The Final Plan complies with all of the applicable provisions of Title 11 of the United States Bankruptcy Code.

21. The Debtor has complied with the applicable provisions of the Bankruptcy Code in proposing the Final Plan.

22. These findings and conclusions supplement those made by the Court on the record at the conclusion of the confirmation hearing.

# # # End of Order # # #

**SUBMITTED BY:**

E. P. Keiffer (SBN 11181700)
Kim E. Moses (SBN 24035872)
Wright Ginsberg Brusilow P.C.
325 North St. Paul Street, Suite 4150
Dallas, Texas 75201

Telephone: (214) 651-6500
Facsimile: (214) 744-2615
Email: pkeiffer@wgblawfirm.com

ATTORNEYS FOR DEBTOR